**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MONICA F. JACKSON,

    Plaintiff,

    v.

GENERAL ELECTRIC AVIATION,

    Defendant.

Case No. 1:19-cv-629
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on General Electric Aviation's ("GE") Motion to Permanently Seal [The] Temporary Seal (Doc. 30) and Monica Jackson's Motion To File Document Under Seal (Doc. 32). For the reasons explained below, the Court **GRANTS IN PART** and **DENIES IN PART** GE's Motion (Doc. 30), **DENIES** Jackson's Motion (Doc. 32), and directs the parties to refile the documents discussed below consistent with this Opinion and Order.

### BACKGROUND AND PROCEDURAL HISTORY

The Court keeps the factual section of this Opinion and Order brief, as this Order is not meant to address the underlying merits of the case, but merely whether the Court can seal certain documents. In that regard, the only necessary factual information is that Jackson sued GE for discrimination and breach of contract, claiming that GE refused to promote her because of her race. (*See generally* Compl., Doc. 1, #1–21). At the preliminary pretrial conference, the parties asked the Court to refer them to a Magistrate Judge so they could try to settle the case. (Oct. 28, 2019

Min. Entry & Notation Order). The Court obliged, and Magistrate Judge Bowman conducted a settlement conference on January 23, 2020. (Jan. 23, 2020 Min, Entry). A few days later, the parties reported to the Court that they settled the case, and on January 27, 2020, the Court dismissed the action without prejudice. (*See* Order, Doc. 16, #186). In that order, the Court "expressly and explicitly retain[ed] jurisdiction to enforce the settlement agreement of the parties." (*Id.*).

About a month later, the Court was informed that, notwithstanding their previous representations, the parties had not yet executed a written settlement agreement. Over the next few months, the parties attempted to work out the issues that had arisen, but they reached an impasse. Jackson's counsel withdrew from the representation. The parties then requested that the Court intervene. The Court provided Jackson time to secure new counsel, and then set a schedule for the parties to brief their issues relating to the existence and terms of the alleged settlement agreement. (*See* June 17, 2020 Min. Entry).

As the alleged settlement agreement was confidential, and as the arguments relating to that alleged settlement agreement involved settlement discussions, which were likewise confidential, GE filed one of the two motions under consideration here, seeking to seal certain confidential information in its briefing on the Motion to Enforce the Settlement Agreement. (*See* GE's Mot. to Permanently Seal Temporary Seal ("GE's Mot. to Permanently Seal"), Doc. 30, #320–38). Jackson does not oppose GE's motion, and indeed seeks leave to file her own brief under seal. (*See* Pl.'s Mot.

for Leave to File Under Seal ("Pl.'s Mot. for Leave"), Doc. 32, #342–43). Both motions are currently before the Court.

## LAW AND ANALYSIS

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, that "decision is not accorded the deference that standard normally brings." *Id.* To avoid abusing its discretion, the Sixth Circuit requires a district court faced with a motion to seal to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

### A. The Court Must Decide For Itself Whether Sealing Is Appropriate.

Notwithstanding the parties' agreement that something warrants sealing, a district court retains an independent obligation to determine if a seal is justified. *See Proctor* [sic] *& Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)) ("A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree that the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings."). This independent obligation on the Court also exists regardless of any protective order to which the parties may have agreed. *See*

*Bourne v. Provider Servs. Holdings, LLC*, No. 1:12-cv-935, 2020 WL 106734, at *3 (S.D. Ohio Jan. 9, 2020) (citing *Rudd Equip.*, 834 F.3d at 595).

In making that assessment, the Court must determine whether the party moving for a seal overcomes the "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179. The Court must then justify "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306. And as the Sixth Circuit has repeatedly cautioned, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (cleaned up). On top of this, the Court must ensure that any sealing order be "narrowly tailored" to serve the reason asserted. *Shane Grp.*, 825 F.3d at 305.

**B. The Court Finds That The Parties Have Identified A Sufficient Basis For Sealing Certain Materials In This Case.**

GE and Jackson claim they have made the necessary showing to warrant a seal. They ask the Court to seal several documents, some of them in part, through specific redactions, and others entirely. (*See* GE's Mot. to Permanently Seal at #320–24; Pl.'s Mot. for Leave at #342–43). They argue that (1) their interest in maintaining the privacy and confidentiality of their settlement overcomes any presumption of public access to those documents, (2) the settlement discussions are not relevant to the facts underlying the litigation, and thus are not a matter of public concern, and (3) the settlement itself is not a matter of public concern generally because it involves a private settlement with a private individual. (*See* GE's Mot. to Permanently Seal at

4

#321–23). Because the interests of encouraging open and honest communications during settlement and then preserving that confidentiality when it is tested in court are compelling interests, the Court agrees that these interests overcome the presumption in favor of public access and bar the public from accessing these records.

There is a long-standing tradition that settlement discussions should remain confidential. Indeed, the Sixth Circuit "has always recognized the need for, and the constitutionality of, secrecy in settlement agreements." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). And "while there is no recognized settlement-negotiations privilege *per se*, there is a policy interest in facilitating and encouraging settlements, an interest which is well-served by preserving the confidentiality of parties' communications during the mediation process." *Davis v. Alcoa, Inc.*, No. 17-13658, 2019 WL 3346075, at *1 (E.D. Mich. June 10, 2019). Thus, private parties' interest in maintaining the confidentiality of their settlement discussions can provide a basis to overcome the presumption of public access to those records.

Plus, the information the parties seek to seal is not a matter of public concern. The information here relates to a private settlement between private parties, which does not reflect anything about the underlying merits of Jackson's Complaint. *See Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2016 WL 9403903, at *1 (S.D. Ohio Aug. 3, 2016) (sealing an exhibit containing a settlement agreement in part because the "private settlement of a private dispute involving private entities" did not involve issues of "great public concern"). And the public does

5

not have a high interest in the subject matter of this litigation. It is not akin to a class action lawsuit like in *Shane Group*, *see* 825 F.3d at 305, but instead involves a dispute between a single individual and her employer.

As a result, the Court finds the parties made the necessary showing that a seal is appropriate.

**C.   Some, But Not All, Of The Parties' Proposed Sealed Filings Are Narrowly Tailored.**

In addition to finding that the parties have overcome the presumption of public access to the records here based on the confidentiality of their settlement discussions, the Court must next ensure that any sealing order be "narrowly tailored" to serve this interest. *Shane Grp.*, 825 F.3d at 305. The Court finds that only some of the parties' filings meet this criterion.

The redactions GE seeks as to its Motion to Enforce Settlement Agreement (Doc. 27) provide a good example of the required narrow tailoring. GE seeks to redact only those specific portions of the motion that contain either verbatim references to discussions the parties had during the settlement conference, discussions between counsel for both parties after the settlement conference about drafting the settlement agreement, or the terms of the settlement agreement itself. (*See* Mot. to Permanently Seal at #323). In a similar vein, GE redacts only certain paragraphs of the Bond Declaration attached to its Motion to Enforce Settlement Agreement that discuss the same information. (*See id.*). Lastly, GE proposes to seal the entirety of Exhibit A to the Bond Declaration because it contains confidential communications between counsel discussing memorializing the terms of the settlement agreement. (*See id.* at

6

#324). This is narrowly tailored to seal only the information necessary to serve the interests here. Accordingly, the Court grants GE's request as to this filing.

The parties' proposed sealing as to the other briefs, however, does not reflect this same careful approach. Jackson seeks to file her entire response brief under seal. (*See* Pl.'s Mot. for Leave at #342–43). She makes no attempts to tailor her sealing request to the specific portions of her brief that warrant it. To be narrowly tailored, Jackson's motion must instead identify the specific portions of her brief that should be sealed and then redact only those portions.

GE's reply in support of its motion also falls short. (*See* Doc. 34 at #351–59, 373–89). Eschewing the narrow tailoring evident in its proposed redactions on its opening brief, GE inexplicably fails to make any effort at such tailoring as to its reply brief. Instead, GE proposes redacting its entire brief, right down to the page numbers. (*See id.*). That doesn't cut it. Rather, GE, like Jackson, must identify the specific portions of its reply that warrant sealing and redact only those portions.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** GE's Motion to Permanently Seal (Doc. 30) and **DENIES** Jackson's Motion To File Document Under Seal (Doc. 32). The Court directs Jackson to refile her response in opposition, and GE to refile its reply in support (Doc. 34), with redactions that are consistent with the Court's instructions above.

**SO ORDERED.**

<u>September 4, 2020</u>
**DATE**

_____
**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**